C. S. JOHNSON, et al. v. GEORGE RODEGER, et al., Exec-
utors of JOSEPH FISCHESSER.

*Action on Note—Consideration.*

Where, in an action on a promissory note, it appeared that the
testator of defendants executed the note for his part of the
purchase money for land conveyed by plaintiffs to a corpora-
tion, of which the testator of defendants and others were
incorporators, under an agreement that they should so con-
vey, one-fourth of the purchase money to be paid in cash or
by notes of such incorporators, and that the corporation
should execute its note to each incorporator for the cash he
had paid or note he had given for his part of the purchase
money, and should issue stock to him for that amount, all of
which was done ; *Held,* that a consideration for the note was
shown.

CIVIL ACTION, tried before *Norwood, J.,* and a jury, at

February Term, 1896, of FORSYTH Superior Court. There was judgment for the plaintiffs, and defendants appealed. The facts appear in the opinion of Associate Justice MONT-GOMERY.

*Messrs. Watson & Buxton,* for plaintiffs.
*Mr. A. E. Holton,* for defendants (appellants).

MONTGOMERY, J. : The action is upon a plain promissory note executed by the testator of the defendants to the plaintiffs. The defendants in their answer aver that there was no consideration for the note and that it was an accommodation paper. Upon the trial the testimony introduced by the defendants showed that the plaintiffs and defendants were members of a company incorporated as the Boston Cottage Company ; that the plaintiffs conveyed a tract of land to the company, one-fourth of the purchase money to be paid in cash or to be secured by the personal notes of the incorporators ; that the company was to execute a mortgage to the plaintiffs for the balance of the purchase money upon the land; that the corporation was to execute its note to each incorporator for the amount of the cash he had paid for the land or the note he had given for his part of the purchase money, and also to issue stock for that amount, which was done ; and that the note sued upon was the note executed by the testator of the defendants for his part of the purchase money of the land. Upon this evidence the defendants asked the court to instruct the jury.

"(1.) That upon all the evidence of witnesses to the jury they should find in favor of the defendants.

"(2.) That if the jury find that the note in suit was given for the purchase money of the land, and the plaintiffs

JOHNSON *v.* RODEGER.

deeded the land to another, to-wit, the Boston Ccttage Company, then there would have been a want of consideration to support the note.

"(3.) That it was for the jury to say what the Boston Cottage Company's note was given for to Fischesser, defendant.

The instructions were refused and the defendants excepted. Verdict and judgment for the plaintiffs, and appeal by defendants.

The testimony introduced by the defendants showed that the note was executed for a valuable consideration. There was not even a scintilla of evidence going to show a failure of consideration. The matter is too plain for discussion.

                                        No Error.